NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-2167
_____

In re:  REVSTONE INDUSTRIES LLC, et al., Debtors

Ascalon Enterprises LLC,
                                                            Appellant

_____



On Appeal from the United States District Court
for the District of Delaware
District Court No. 1-15-cv-00347
District Judge: The Honorable Sue L. Robinson

Argued March 22, 2017

Before: SMITH, *Chief Judge,* JORDAN and ROTH, *Circuit Judges*

(Filed: June 6, 2017)


Sheldon S. Toll                    **[ARGUED]**
Suite 100
29580 Northwestern Highway
Southfield, MI  48034


        *Counsel for Appellant*

Laura D. Jones
James E. O'Neill, III

Colin R. Robinson
Pachulski Stang Ziehl & Jones
919 North Market Street
P.O. Box 8705, 17th Floor
Wilmington, DE  19801

Alan J. Kornfeld          **[ARGUED]**
Pachulski Stang Ziehl & Jones
10100 Santa Monica Boulevard
13th Floor
Los Angeles, CA  90067
        *Counsel for Appellee*

_____

OPINION[*]

_____

SMITH, *Chief Judge.*

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In this bankruptcy case, the debtors, Revstone Industries, LLC ("Revstone") and associated entities, proposed a Chapter 11 plan approved by almost all creditors. The plan provides for the eventual "sale of all or substantially all of the property of the estate." 11 U.S.C. § 1123(b)(4); *see In re PPI Enterprises (U.S.), Inc.*, 324 F.3d 197, 211 (3d Cir. 2003) ("[A] debtor may develop a Chapter 11 plan to sell off all of its assets."). Ascalon Enterprises, LLC ("Ascalon"), Revstone's sole member and a non-creditor, filed a limited objection to the plan. According to Ascalon, Revstone is not entitled to discharge certain debts, as provided in Article X of the plan, because Revstone would "not engage in business after consummation of the plan." 11 U.S.C. § 1141(d)(3)(B). The Bankruptcy Court disagreed. It concluded that Revstone is entitled to discharge because, after emerging from bankruptcy, Revstone will continue to operate its business in substantially the same manner as it did before filing for bankruptcy. **[A516]** The Bankruptcy Court approved the plan over Ascalon's objection, and Ascalon timely appealed. The District Court affirmed, and Ascalon timely appealed again.[1]

We conclude that Ascalon lacks standing to appeal. We will affirm on that alternative ground. *See, e.g.*, *Oss Nokalva, Inc. v. European Space Agency*, 617

---

[1] The Bankruptcy Court had jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. The District Court had jurisdiction pursuant to 28 U.S.C. §§ 158(a) and 1334. We have jurisdiction pursuant to 28 U.S.C. §§ 158(d)(1) and 1291.

F.3d 756, 761 (3d Cir. 2010) ("[We] may affirm a judgment on any ground apparent from the record, even if the district court did not reach it." (citation omitted)).

## APPELLATE BANKRUPTCY STANDING

Appellate standing in bankruptcy is limited to "persons aggrieved" by an order of the bankruptcy court. *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 214 (3d Cir. 2004) (citation omitted). The persons-aggrieved test "now exists as a prudential standing requirement that limits bankruptcy appeals to persons 'whose rights or interests are directly and adversely affected pecuniarily by an order or decree of the bankruptcy court.'" *Id.* (further quotation marks omitted) (quoting *In re Dykes*, 10 F.3d 184, 187 (3d Cir. 1993)). To be a person aggrieved, a party must challenge an order that "diminishes their property, increases their burdens, or impairs their rights." *Id.* (quoting *In re PWS Holding Corp.*, 228 F.3d 224, 249 (3d Cir. 2000)).

This standard is "more restrictive than Article III standing." *Id.* at 215. Appellate bankruptcy standing, unlike Article III standing, must be based strictly on financial injury. *Id.* Furthermore, this Court has denied standing to parties "who, even though they may be exposed to some potential harm incident to the bankruptcy court's order, are not directly affected by that order." *Id.* (internal quotation marks omitted) (quoting *Travelers Ins. Co. v. H.K. Porter Co.*, 45 F.3d

4

737, 741 (3d Cir. 1995)). These requirements are rooted in the "'particularly acute' need to limit appeals in bankruptcy proceedings, which often involve a 'myriad of parties . . . indirectly affected by every bankruptcy court order[.]'" *Id.* (alterations in original) (quoting *Travelers*, 45 F.3d at 741).

## ASCALON'S STANDING ARGUMENT

In its reply brief, Ascalon argues that it has standing based on the tax consequences of discharging certain liabilities under the plan. According to Ascalon, it designated Revstone as an S corporation, and thus any tax liability would pass from Revstone to Ascalon. Ascalon claims that Revstone incurred millions of dollars in unpaid federal and state taxes arising from asset sales during bankruptcy. Subsequently, Ascalon elected to revoke Revstone's pass-through status, ending Ascalon's liability for Revstone's tax obligations. *See* I.R.C. § 1362(d); *In re Majestic Star Casino, LLC*, 716 F.3d 736 (3d Cir. 2013) (discussing the revocation of a debtor's pass-through status). According to Ascalon, Revstone stated in open court that it intends to have Ascalon's tax election set aside.

Against that backdrop, Ascalon argues that it "is justly apprehensive that, if Revstone discharges its tax liability, the taxing authorities might seek to impose liability on Ascalon, despite the election it made." Reply Br. 1–2.

5

## APPLICATION

Ascalon's argument does not establish standing because it is waived, and in any event, fails to allege a sufficiently direct financial interest in the litigation.[2]

Ascalon's explanation for its own standing has shifted throughout this litigation. In the District Court, Ascalon argued that it has standing as a creditor because it submitted a claim that the Bankruptcy Court disallowed without prejudice. Ascalon has now abandoned that argument[3] and raises the taxation issue for the first time on this second-level appeal. "[A]rguments not squarely put before the district court are waived on appeal." *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 139 n.8 (3d Cir. 2017) (citing *P.R.B.A. Corp. v. HMS Host Toll Roads, Inc.*,

_____

[2] The District Court declined to address standing, "[g]iven the lack of timely objection or cross-appeal." *In re Revstone Indus., LLC*, No. 15-347, 2016 WL 1271462, at *2 (D. Del. Mar. 30, 2016). We disagree with that analysis.

Our sister circuits are divided on whether a party may waive a defense based on prudential standing. *See Lewis v. Alexander*, 685 F.3d 325, 340 n.14 (3d Cir. 2012). We need not decide that issue because Revstone timely preserved its standing objection at every stage of the proceeding. Nor was Revstone required to take a cross-appeal. As the prevailing party in the Bankruptcy Court, it was not "aggrieved," and thus lacked standing to file a separate appeal. *See Deposit Guar. Nat'l Bank, v. Roper*, 445 U.S. 326, 333 (1980); *Nanavati v. Burdette Tomlin Mem'l Hosp.*, 857 F.2d 96, 102 (3d Cir. 1988); *see also Smith v. Johnson & Johnson*, 593 F.3d 280, 283 n.2 (3d Cir. 2010) ("Yet a party, without taking a cross-appeal, may urge in support of an order from which an appeal has been taken any matter appearing in the record, at least if the party relied on it in the district court.").

[3] Ascalon re-raised this issue at oral argument, despite excluding it from its briefing. Because the argument was not presented in any of Ascalon's briefs, it is waived. *See Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 230 n.17 (3d Cir. 2016).

6

808 F.3d 221, 224 n.1 (3d Cir. 2015)); *cf. Nichols v. City of Rehoboth Beach*, 836 F.3d 275, 282 n.1 (3d Cir. 2016) (holding that the plaintiff waived an argument in favor of standing). Furthermore, Ascalon's standing argument is articulated for the first time in its reply brief, and does not explain Ascalon's injury beyond the single sentence quoted above. *See Prometheus Radio Project v. FCC*, 824 F.3d 33, 53 (3d Cir. 2016) (arguments raised for the first time in a reply brief are waived on appeal); *John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("[A]rguments raised in passing . . . , but not squarely argued, are considered waived.").

Regardless, Ascalon's "apprehensi[on]" about what the taxing authorities "might" do, Reply Br. 1–2, is not sufficiently direct to establish appellate bankruptcy standing. Any consequences flowing from Revstone reverting to a pass-through entity are "too contingent" to establish standing. *Travelers,* 45 F.3d at 742; *see id.* at 742–44 (rejecting appellate standing where the claimed injury was based on future litigation). But more fundamentally, Ascalon has failed to provide any support for the proposition that the Bankruptcy Court's discharge injunction permits the relevant authorities to assess Ascalon for Revstone's tax liability, let alone demonstrate a "direct[] or immediate[]" danger that a taxing authority will do so. *Id.* at 742.

At oral argument, Ascalon acknowledged that it may fail the persons-aggrieved test but argued for the first time that that we should abandon that standard. That argument is also waived. In any event, the persons-aggrieved test is well established in our precedents, which we are bound to follow. IOP 9.1.

## CONCLUSION

Because Ascalon failed to carry its burden to establish appellate standing, we will affirm.